FILED

2018 JUL -9 P 12: 53

U.S. DISTRICT COURT
EASTERN DIST. TENN.

LISA HORN-BRICHETTO,       )
                           )
       Plaintiff,          )
                           )
v.                         )        Case No. 3:17-CV-163
                           )        Greer / Poplin
TIFFANY SMITH,             )
RUSSELL JOHNSON, and       )
BECKY RUPPE,               )
                           )
       Defendants.         )

---

## PLAINTIFF'S OBJECTIONS TO ORDER QUASHING SUBPOENA AND MOTION TO RECONSIDER

---

## I.    INTRODUCTION

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72, Plaintiff respectfully objects to the Magistrate Judge's Memorandum and Order ("Order") quashing the subpoena of Justin Wilson, Tennessee Comptroller, issued on June 25, 2018 in its' entirety, and asks the court to reconsider. Docket Entry No. 35. While several other motions remained pending, this motion was ruled upon with no warning to the *pro se* Plaintiff that she had a deadline to respond. The Order granted the motion to quash "in light of Plaintiff's lack of response." Order at 2.

Pursuant to Fed. R. Civ. P. 72(a), a party may appeal to the District Court an Order of the Magistrate Judge. Any such appeal must be filed within fourteen (14) days after service of the Magistrate Judge's Order. Upon review of the Order, the District Judge assigned to the case shall set aside any portion of the Order which is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

Plaintiff respectfully requests reconsideration "to correct a clear error of law or manifest injustice." *Solutia, Inc. v. McWane, Inc.*, 726 F. Supp. 2d 1316, 1328 (N.D. Ala. 2010). The Federal Rules of Civil Procedure do not provide a standard time for the filing of oppositions to motions. Despite many conversations with clerks, she has never been provided a copy of the local rules. Plaintiff's response was actually filed the same day as the Order, though it likely had been waiting to be entered by the clerks for a number of days. In any event, Plaintiff *did* file a response. Accordingly, reconsideration is warranted to give Plaintiff an opportunity to be heard and avoid clear error and/or manifest injustice.

To that end, the Plaintiff includes its substantive response to the motion herein. *See* § II.

## II.    OPPOSITION TO MOTION TO QUASH

### A.    LEGAL STANDARD

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See Fed. R. Civ. P. 45(c)(3)(A)(i-iv)*. The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See Fed. R. Civ. P. 45(c)(3)(B)(i-iii)*. "No other grounds are listed." *Malibu Media, LLC v. John Does 5-8*, 2013 WL 1164867 at *2 (D. Colo. 2013) (denying motion to quash in similar BitTorrent copyright infringement action where defendant's motion failed to comply with Rule 45). See also *Arista*

*Records, LLC v. Does 1-15*, 2007 WL 5254326 (S.D. Ohio 2007) (denying motion to quash that failed to satisfy Rule 45.)

## B.     THE DOCUMENTS SOUGHT BY THE SUBPOENA ARE NOT UNDULY BURDENSOME

The subpoena only sought documents associated with an audit or investigation of loans for a brief time period. These documents have been already been compiled, as admitted in the Affidavit of Gregory Cothran (DE No. 30), therefore, it cannot be said to be burdensome to produce these documents. Further, Plaintiff asserts that she would agree to production via sending the documents to her Kingston Pike address; therefore negating any requirement to travel. Defense counsel's argument that it would be burdensome to produce because they may or may not have been provided to Plaintiff's criminal attorney (who may or may not have given them to plaintiff) is without merit. Further, Plaintiff would agree to limit the request to 2008-2009, if that would lessen the burden.

## C.     THE DOCUMENTS SOUGHT BY THE SUBPOENA ARE NOT IRRELEVANT

The subpoena seeks documents related to an audit of Northington Energy's Feedstock loan. This audit was the basis for the original criminal indictment, and is said to exist by Defendants, though the Comptroller's office has repeatedly denied its' very existence. As the complaint alleges a conspiracy on the part of the defendants to avenge political losses, it is quite relevant whether or not the alleged audit even exists and what it might say as to the Defendants motivations to have conspired to bring the original charges against the Plaintiff, and then further the conspiracy by producing the Defamatory letter.

### D. DEFENDANTS SMITH AND JOHNSON HAVE NO STANDING TO OBJECT, AS THEY DO HERE, THAT THE PRODUCTION OF DOCUMENTS BY THE COMPTROLLER IS IRRELEVANT AND IMPOSES AN UNDUE BURDEN

While the motion to quash (DE No. 28), was purportedly filed at the behest of a non-party, it was filed by defense counsel for Defendants, and for their benefit, and should therefore be treated as if they had filed it. Defendants seek to quash the subpoenas on the basis that such document requests are irrelevant and create an undue burden on the Comptroller. However, except in limited instances wherein legitimate claims of privilege or protection are raised, a motion to quash can only be made by the person from whom the documents are requested. As such, Defendants have no standing to object on the basis of relevancy, scope or undue burden to the information requested in the third party subpoenas.

In addition, assuming *arguendo* that Defendants have standing to seek to quash the Comptroller's subpoena duces tecum on grounds of relevancy, which it does not, the information sought by the subpoenas is clearly relevant. *See infra* at C.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Respectfully submitted,

*Lisa Horn-Brichetto*

Lisa Horn-Brichetto
Plaintiff, *pro se*
5201 Kingston Pike
Suite 1
Knoxville, TN 37919
lisabrichetto@yahoo.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a copy of the foregoing was mailed via first-class mail, postage prepaid, to:

Mary Elizabeth McCullohs
Office of the Attorney General
P. O. Box 20207
Nashville, TN 37202-0207

*Lisa Horn-Brichetto*

Lisa Horn-Brichetto
Plaintiff, *pro se*

Lisa Horn-Brichetto
5201 Kingston Pike
Suite 1
Knoxville, TN 37919

37902-230030

Clerk of the Court
US District Court
800 Market St. Suite 130
Knoxville, TN 37902

KNOXVILLE TN 377
06 JUL 2018 PM 4 L

RECEIVED
JUL 09 2018
Clerk, U. S. Distr. Court
Eastern District of Tennessee
At Knoxville