IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LISA HORN-BRICHETTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-163 |
| | ) | GREER / POPLIN |
| TIFFANY SMITH, | ) | |
| RUSSELL JOHNSON, and | ) | |
| BECKY RUPPE, | ) | |
| | ) | |
| Defendants. | ) | |

## NON-PARTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO ORDER QUASHING SUBPOENA AND MOTION TO RECONSIDER

Justin P. Wilson, Comptroller of the Treasury, objects to Plaintiff's Motion to Reconsider and asks the Court to deny the motion because Plaintiff has not presented any argument or evidence that would justify the Court's reconsideration of its Order.

### BACKGROUND

Plaintiff, Lisa Horn-Brichetto, served a subpoena to produce materials or permit inspection on a non-party witness, Comptroller Wilson ("Wilson"). Undersigned counsel from the Office of the Tennessee Attorney General entered a limited appearance on behalf of Wilson as a non-party witness and filed the Non-Party's Motion to Quash Subpoena [Doc. 28].[1] On June 25, 2018, the Court entered a Memorandum and Order [Doc. 35] ("Order") granting the Non-Party's Motion to Quash. Plaintiff has filed her objections to the Order and asks the Court to reconsider [Doc. 38].

### ARGUMENT

Motions for reconsideration are not specifically addressed in the Federal Rules of Civil Procedure. Thus, "[i]n the Sixth Circuit, a motion for reconsideration is considered a motion to alter or amend a judgment[.]" *Caldwell v. Olshan Foundation Repair Co. of OKI, L.P.*, No. 05-462-JMH, 2007 WL 710193, *3 (E.D. Ky. Mar. 6, 2007).

---

[1] Undersigned counsel continues the limited appearance on behalf of Comptroller Wilson for the purposes of responding to Plaintiff's Motion to Reconsider.

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe [of Chippewa Indians v. Engler],* 146 F.3d [367 (6th Cir.1998)] at 374, newly discovered evidence, *see id.,* an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir.1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90–91 n. 3 (1st Cir.1993); *School District No. IJ v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. *Davis,* 912 F.2d at 133; *Collison,* 34 F.3d at 236; *Hayes,* 8 F.3d at 90–91 n. 3. *See also North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995).

*Caldwell, supra,* at *3 (citing *GenCorp., Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)). Therefore, in order for the Court to reconsider its Order, at least one of the four reasons stated above must be present and available to afford relief to Plaintiff. *Caldwell,* at *3-4. Plaintiff has not established that any of the four factors apply: (1) Plaintiff has not established that a clear error of law has occurred; (2) she has not presented any newly discovered evidence to the Court; (3) there has not been any intervening change in the law; nor (4) will the quashing of the subpoena prevent manifest injustice.

Plaintiff, who failed to respond timely to the Non-Party Motion to Quash, argues that she should be given the opportunity to be heard to "avoid clear error and/or manifest injustice." [Doc. 38 at 2]. Plaintiff cannot establish clear error or manifest injustice. Plaintiff had the burden of showing the relevance of her subpoena request to this case, and she did not do so. Plaintiff has not shown that the documents requested from a non-party witness, and dating from 2008 to 2011, are relevant to this lawsuit which involves defamation claims based on a letter written by Defendant Assistant District Attorney General Tiffany Smith ("General Smith") in late 2016. Notwithstanding the lack of relevance, Plaintiff is asking Wilson to produce documents that she should already have. Wilson previously produced the requested documents to General Smith in February 2015, with the understanding that the documents were subsequently produced to Plaintiff pursuant to Tenn. R. Crim. P. 16. Plaintiff has not met her burden of showing the relevance of her request to this case and the re-production of these documents poses an undue burden on Wilson's office. Quashing the non-party subpoena is neither clear error nor manifest injustice.

Because Plaintiff has failed to establish any of the four factors required for the Court to

reconsider its Order, Wilson asks the Court to deny Plaintiff's Motion to Reconsider.

Respectfully submitted,

HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER

By: /s/ Mary Elizabeth McCullohs
Mary Elizabeth McCullohs, TN BPR No. 026467
Senior Counsel
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-8126
mary.mccullohs@ag.tn.gov

*Attorney for Non-Party Comptroller of the Treasury*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 10, 2018, a true and correct copy of the foregoing *Non-Party's Response in Opposition to Plaintiff's Objections to Order Quashing Subpoena and Motion to Reconsider* was filed electronically with the Clerk of Court using the electronic filing system which will send electronic notification of such filing to all parties that have appeared in this action, and was served, via U.S. Mail, postage prepaid, to the following:

Lisa Horn-Brichetto
4815 Kingston Pike
Knoxville, TN 37919

*Pro se*

                                                       /s/ Mary Elizabeth McCullohs
                                                       Mary Elizabeth McCullohs