IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LISA HORN-BRICHETTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-163-JRG-DCP |
| | ) | |
| TIFFANY SMITH, | ) | |
| RUSSELL JOHNSON, and | ) | |
| BECKY RUPPE, | ) | |
| | ) | |
| Defendants. | ) | |

**NON-PARTY WITNESSES' MEMORANDUM IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS**

Plaintiff, Lisa Horn-Brichetto, has issued and served four subpoenas to three non-party witnesses who are employed as parole officers with the Tennessee Department of Correction: Joe Guglielmucci, a parole officer supervisor; Chad Reep, a parole officer; and James Shipley, a parole officer. One subpoena commands Officer Reep to produce materials or permit inspection. The remaining three subpoenas command Officers Guglielmucci, Reep, and Shipley to appear and give deposition testimony.

Officers Guglielmucci, Reep, and Shipley move for a protective order forbidding the discovery and to quash the subpoenas because Ms. Horn-Brichetto cannot show that the deposition testimony of Officers Guglielmucci, Reep, and Shipley or the documentation requested is relevant to this lawsuit, and compliance with the subpoenas would subject these officers to undue burden because they have no knowledge of the allegations in the Complaint nor any relationship to any of the parties. Officers Guglielmucci, Reep, and Shipley respectfully request the Court issue a protective order denying Plaintiff's request for deposition testimony and quash the subpoenas served upon them, pursuant to Fed. R. Civ. P. 26(c) and 45(d), because the discovery requested bears no relevance to this lawsuit and commanding deposition testimony from witnesses who have no knowledge of Plainitff's claims or defenses constitutes undue burden and harassment.

## PRELIMINARY STATEMENT

Parole Officers Chad Reep and James Shipley are employed by the Tennessee Department of Correction and assigned to the Knoxville Unit. (Affidavit of Chad Reep ¶ 1; Affidavit of James Shipley ¶ 1). Parole Manager Joe Guglielmucci, also assigned to the Knoxville Unit, supervises Officers Reep and Shipley. (Affidavit of Joe Guglielmucci ¶¶ 1, 3).

On August 13, 2018, Parole Officer Reep was served with two subpoenas issued by Plaintiff in this action. (Reep Aff. ¶ 4). One subpoena commanded Officer Reep to produce the "Contents of Parole file John H. Brichetto Tomis #553514 to include emails, Tomis records, contacts, notes." (DE 46 at 4; Reep Aff. ¶ 4). The second subpoena commanded Officer Reep to appear and give deposition testimony on October 5, 2018. (DE 46 at 3; Reep Aff. ¶ 4).

On August 20, 2018, Parole Manager Guglielmucci and Parole Officer Shipley were each served with a subpoena issued in this action by the Plaintiff commanding them to appear on October 5, 2018 and give deposition testimony. (DE 46 at 1, 2; Guglielmucci Aff. ¶ 4; Shipley Aff. ¶ 3).

On July 8, 2015, Plaintiff and John Brichetto[1] were convicted by a Morgan County jury of theft of property valued at $60,000 or more but less than $250,000 in the case *State of Tennessee v. John Brichetto and Lisa Brichetto*, in the Criminal Court of Morgan County, Tennessee, Ninth Judicial District, Docket No. 2011-CR-41 A & B. (DE 30, Affidavit of Gregory Cothron ¶¶ 3, 6). Mr. Brichetto is currently serving a parole sentence and Officer Reep is the officer currently assigned to supervise Mr. Brichetto. (Reep Aff. ¶ 3).

Officers Guglielmucci, Reep, and Shipley have each read the Complaint filed in this lawsuit. (Guglielmucci Aff. ¶ 5; Reep Aff. ¶ 5; Shipley Aff. ¶ 4). None of these officers has any knowledge related to any of the allegations or claims made in the Complaint. (*Id.*). None of these officers know the Defendants in this lawsuit and have had no contact with any of the Defendants

---

[1] Mr. Brichetto is not a party to this lawsuit. The Court denied Plaintiff's Rule 20 motion to amend to join John Brichetto as a plaintiff in this lawsuit. (DE 15). Mr. Brichetto's motion to intervene in this matter is currently pending. (DE 31).

until the service of the subpoenas on Officer Reep on August 13, 2018. (Guglielmucci Aff. ¶¶ 6-8; Reep Aff. ¶¶ 6-8; Shipley Aff. ¶¶ 5-7). These officers do not know and have never met the Plaintiff, Lisa Horn-Brichetto. (Guglielmucci Aff. ¶ 9; Reep Aff. ¶ 9; Shipley Aff. ¶ 8).

**ARGUMENT**

Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although the scope of discovery is broad, Courts "may balance a party's right to discovery with the need to prevent fishing expeditions." *Hohl v. McGohan Brabender Financial, LLC*, 2015 WL 4540231, at *2 (S.D. Ohio, Feb. 11, 2015) (citations omitted). A court may issue an order forbidding discovery to protect a person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Federal Rule of Civil Procedure 45 authorizes a court to quash or modify a subpoena that imposes an undue burden on the person served. Fed. R. Civ. P. 45(d)(3)(A)(iv). The protections authorized under Rule 45 to quash a subpoena mirror the provisions of Rule 26 that allow the issuance of protective orders. "'Courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.'" *Hohl* at *2 (quoting *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D. Ohio 2011)).

When a subpoena is directed to a non-party, the issuing party must show that the documents requested are relevant, as well as demonstrating "good cause to justify production." *Perez v. Off Duty Police Services, Inc.*, 2015 WL 2089962, at *1 (W.D. Ky. May 4, 2015) (citations omitted); *Taylor v. Universal Auto Group I, Inc.*, 2015 WL 1810316, at *4 (S.D. Ohio April 17, 2015) at *4. If the relevance of the documents is not clear from the request, "the party seeking the discovery has the burden to show the relevance of the request." *Hendricks* at 253. (*See also Taylor* at *4, "The burden of demonstrating relevance is on the party seeking discovery.").

While irrelevance is not specifically set forth in Rule 45, it is a valid reason to quash a subpoena. For example, in *Hendricks,* 275 F.R.D. at 253, the Court quashed a subpoena seeking records from previous employers because such records were irrelevant to the 'failure to pay overtime' claim. *Id*. at 256. In *Black v. Kyle-Reno*, 2014 WL 667788 (S.D. Ohio Feb. 20, 2014),

3

the Court quashed the subpoenas because they were overly broad and irrelevant. In finding that the requested materials (plaintiff's educational records) were irrelevant, it rejected defendant's link between poor academic performance with poor job performance in plaintiff's wrongful termination suit. *See also Perez*, supra at *2 (Requests posed undue burden because they sought irrelevant material.) "[R]elevance is determined in the context of the elements of the cause of action or defense thereto" *Taylor*, 2015 WL 1810316, at *4. "Only after a showing of good cause does the presumption for enforcement of the subpoena arise." *Perez* at *1. Rule 45 allows a person subject to a subpoena to be protected from undue burden or expense. Tenn. R. Civ. P. 45(d). A person who is compelled to produce irrelevant documents and sit for a deposition without any knowledge relevant to the allegations of a complaint to which they are not a party would be subject to undue burden and expense. The Court should not let this happen in this matter. Seeking irrelevant documents and testimony from non-party witnesses is a sufficient basis for the Court to issue an order to protect these witnesses from annoyance and undue burden.

Ms. Horn-Brichetto has sued Defendants over an alleged defamatory letter ("Letter") written by Assistant District Attorney General Tiffany Smith ("General Smith") in late 2016 to the Tennessee Board of Parole. In her Complaint, Ms. Horn-Brichetto describes the Letter as retaliatory, defamatory, and cruel and unusual punishment and asks for damages related to the statements and substance of the Letter. The Letter was written subsequent to her July 2015 conviction for stealing money from the State under the guise of Northington Energy LLC.

The non-party parole officers subpoenaed by Plaintiff were not involved in the writing of General Smith's Letter and have no knowledge of the Plaintiff's claims. Furthermore, they do not know nor have they ever met the Defendants or Ms. Horn-Brichetto. These officer have no knowledge that could be considered even remotely relevant to this lawsuit, and Mr. Brichetto's parole file has no relevance to the Plaintiff's allegations in this suit. Thus, Officer Reep should not be required to produce the requested documents and none of the parole officers should be compelled to testify about something they know nothing about. Mr. Brichetto's parole file will not provide any information that could possibly be relevant to any of Ms. Horn-Brichetto's claims

4

in this case and Officer Reep should not be required to expend State resources to produce the file. Given the lack of relevancy to Ms. Horn-Brichetto's claims, there is no basis and no good cause to require Officers Guglielmucci, Reep, and Shipley to submit to providing testimony. It appears that the subpoenas are simply a tool of harassment directed toward State employees and the Court should issue a protective order and quash the subpoenas.

## CONCLUSION

For the reasons stated herein, Parole Officers Joe Gugliemucci, Chad Reep, and James Shipley respectfully request that this Court grant the Motion for a Protective Order and to Quash the Subpoenas.

Respectfully submitted,

HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER

By: /s/ Mary Elizabeth McCullohs
Mary Elizabeth McCullohs, TN BPR No. 026467
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-8126
mary.mccullohs@ag.tn.gov

*Attorney for Non-Party Parole Officers*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 27, 2018, a true and correct copy of the foregoing *Non-Party Witnesses' Memorandum in Support of Motion for Protective Order and to Quash Subpoenas* was filed electronically with the Clerk of Court using the electronic filing system which will send electronic notification of such filing to all parties that have appeared in this action, and was served, via U.S. Mail, postage prepaid, to the following:

Lisa Horn-Brichetto
4815 Kingston Pike
Knoxville, TN  37919

*Pro se*

/s/ Mary Elizabeth McCullohs
Mary Elizabeth McCullohs